JOSEPH LANDAU, Trading as JOSEPH LANDAU & Co., Respondent, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, December, 1922.

Carriers — loss of goods by express company — failure to file claim within four months — proof that defendant sold goods puts burden on it to show its right to do so — insufficient proof as to value.

An express company upon receiving for transportation a package of goods consigned to plaintiff at the city of New York and valued by the consignor at a certain sum, delivered to him a receipt in the form of the " uniform express receipt " as filed with the interstate commerce commission. This receipt contained the following clause: " Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded or damaged in transit by carelessness, or negligence, as conditions precedent to recover, claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed." In an action against the express company to recover the declared value of the goods it was undisputed that plaintiff did not file his claim within four months after reasonable time for delivery had elapsed, but the trial justice held that in the absence of proof that defendant, as required under the rules governing the shipment, had given written notice either to the consignor or to the consignee, of the non-delivery of the package, the defendant could not take advantage of said clause. *Held*, that the plaintiff having shown that after the goods should have been delivered to him they were sold by defendant without plaintiff's consent, the burden of proof shifted to defendant to show some right to make such sale.

The only evidence offered as to the value of the contents of the package was the testimony of the shipper that the goods were checked against an invoice, but it was not shown how the figures on the invoice were prepared or that they represented the value of the goods. *Held*, that a contention that such value was fixed in the receipt was untenable, and a judgment in favor of plaintiff will be reversed and a new trial ordered on the ground that there was no competent evidence of the value of plaintiff's goods.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff.

*Charles C. Evans* (*Emmet L. Holbrook*, of counsel), for appellant.

*Gilbert Ray Hawes*, for respondent.

LEHMAN, J. In July, 1920, the Chicago Mail Order Company delivered to the defendant a package consigned to the plaintiff in New York city which the consignor valued at the sum of $230.88. The package was never delivered to the plaintiff; the plaintiff has now recovered judgment for the declared value of the goods. At the time the defendant received the goods it delivered to the consignor a receipt in the form which has become known as the " uniform express receipt " as filed with the interstate commerce commission. This receipt contains a clause which reads as follows: " Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded or damaged in transit by carelessness, or negligence, as conditions precedent to recover, claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed."

It is undisputed that the plaintiff did not file such a claim within four months after reasonable time for delivery had elapsed, but the trial justice held that the defendant could not take advantage of this clause because there was no evidence that the defendant had given written notice either to the consignor or to the consignee of the non-delivery of the package as required under rules governing this shipment.

The defendant claims on this appeal that it could not lawfully waive the requirements of the uniform express receipt under which this package was received by any affirmative act or by any default in the performance of its own obligation. It seems to me that it is unnecessary for us upon this appeal to pass upon this contention for, in my opinion, the clause upon which the defendant relies has no application to the plaintiff's cause of action. Written notice of claim is a condition precedent to an action brought under the defendant's contract for loss or damage to the goods, and for the purposes of this appeal we may assume that this may under some circumstances include a loss occasioned by the conversion of the goods, if as a result of such conversion the defendant is unable to deliver the goods as agreed. Since, however, under the contract the written claim must be made " within four months after a reasonable time for delivery has elapsed," it is evident

that the parties must have had in mind a cause of action which is complete at the time when the defendant fails to make the agreed delivery and which arises from the defendant's contract of carriage. Certainly, it is unreasonable to suppose that they contemplated that the failure to make a claim in writing for non-delivery should in effect result in transferring to the defendant title to the goods and that thereby the plaintiff should not only lose any cause of action which he might have for the loss of the goods but also the right to claim the goods if they were thereafter found by the defendant. In the present case it appears undisputed that the goods were in fact not lost but remained in the defendant's possession until the defendant sold them. The goods belonged to the plaintiff, and unless the defendant was authorized by law to sell them the sale constituted a conversion of plaintiff's property.

The record does not sufficiently disclose when or how that sale was made but it must have been made after the goods arrived in New York and after they should have been delivered to the plaintiff. The contract of carriage was at that time at an end and the sale of plaintiff's goods by defendant, unless authorized by the statute, constituted a wrong to the plaintiff not covered by the contract or the clause thereof under consideration. Since we do not know when or under what circumstances the sale was made, it is impossible to determine whether it was authorized by any statute, but in my opinion when the plaintiff showed that his goods had been sold by defendant without his consent after they should have been delivered to him, the burden shifted to the defendant to show some right to make such sale.

In spite of these considerations, the judgment in plaintiff's favor must be reversed and a new trial ordered, for there is no competent evidence of the value of the plaintiff's goods. Even if upon this record we could hold that the evidence though vague is sufficient to show the nature and contents of the package, the only evidence offered as to value is testimony of the shipper that the goods were checked against an invoice, but it is not shown how the figures on that invoice were prepared or that they represent the value of the goods. The plaintiff seeks to sustain the judgment upon the ground that the value of the goods was fixed in the receipt, but our attention has been called to no authority that the value declared by a shipper constitutes any agreed value for the goods.

Judgment should, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

McAvoy and WAGNER, JJ., concur.

Judgment reversed.